IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIE WHITE,<br>　　　Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 22-CV-1230 |
| DARREL MASSINI, *et al.*,<br>　　　Defendants. | :<br>:<br>: |

<u>MEMORANDUM</u>

**ROBRENO, J.**                                                                                                    **APRIL 13, 2022**

Plaintiff Willie White, an inmate at Lehigh County Jail ("LCJ"), filed this civil right action *pro se* naming as Defendants Correctional Officer Darrel Massini, Cliff Knappenberger, "L.C.J. Prison," Director Janine Donate, Warden Kyle Russel, and Sgt. Victor Pachionni. Each is sued in his or her individual and official capacities. White seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant White leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.      FACTUAL ALLEGATIONS**

White's allegations are brief and not entirely clear. He asserts "there was a PREA incident" involving Defendant Massini. (Compl. (ECF No. 2) at 5.)[1] White asserts that, while he was having a diabetic episode in early 2021, he remembers being shaken awake by a non-defendant named Sgt. Shaeffer. (*Id*.) As he was coming to, he felt sexually aroused and saw Defendant Massini's hand under his shirt. (*Id*.) Massini then moved his hand to White's navel area and started rubbing his stomach. He states, "a man knows when he's been touched there, trust me." (*Id*.) He was told to report to the medical unit after he requested mental health

---

[1]      The Court adopts the pagination supplied by the CM/ECF docketing system.

services.  (*Id*.)  White believes there was a 12-hour investigation for which he was not called to participate.  (*Id*.)  He seeks money damages and to have Defendant Massini fired and "suspend his minions that harassed me."  (*Id*.)

## II.  STANDARD OF REVIEW

The Court will grant White leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss White's Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As White is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.  DISCUSSION

White seeks money damages for unspecified constitutional claims.  The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

---

[2] Because White is a prisoner, he must still pay the $350 filing fee in installments as required by the Prison Litigation Reform Act.

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.   Claims Against Defendant Massini

White appears to assert that he was sexually assaulted by Defendant Massini and asserts it was a "PREA incident." To the extent that White seeks to bring a claim under the Prison Rape Elimination Act, that claim is not plausible. "While the PREA was intended in part to increase the accountability of prison officials and to protect the Eighth Amendment rights of Federal, State, and local prisoners, nothing in the language of the statute establishes a private right of action." *See Walsh v. N.J. Dep't of Corr.*, No. 17-2442, 2017 WL 3835666, at *4 (D.N.J. Aug. 31, 2017); *see also Williams v. Wetzel*, 827 F. App'x 158, 162 (3d Cir. 2020) (*per curiam*) ("to the extent that Williams sought to bring stand-alone civil claims under the PREA and the Pennsylvania Crimes Code, the District Court did not err in rejecting those claims on the basis that Williams failed to identify a private right of action for either"); *Krieg v. Steele*, 599 F. App'x 231, 232 (5th Cir. 2015) (noting that "other courts addressing this issue have found that the PREA does not establish a private cause of action"); *Frederick v. Snyder Cty. Prison*, No. 18-707, 2019 WL 1348436, at *4 (M.D. Pa. Mar. 22, 2019) (same). Thus, White cannot "bring a private action to enforce obligations set forth in the PREA, whether through the statute itself or through [an] attempt to enforce the [institution's] PREA policy via section 1983." *See Bowens v.*

3

*Emps. of the Dep't of Corr.*, No. 14-2689, 2016 WL 3269580, at *3 (E.D. Pa. June 15, 2016), *aff'd sub nom., Bowens v. Wetzel*, 674 F. App'x 133, 137 (3d Cir. 2017) (*per curiam*). Moreover, to the extent White challenges the quality of the investigation into his PREA complaints, he has no freestanding right to such an investigation. *See Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (stating that "an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim."). Accordingly, any claims premised upon violations of the PREA must be dismissed as a matter of law.

To the extent that White asserts a constitutional claim based on the alleged assault, the Due Process Clause of the Fourteenth Amendment protects pretrial detainees like White. *Jacobs v. Cumberland Cty.*, 8 F.4th 187, 193-94 (3d Cir. 2021) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).[3] The sexual assault claim is analyzed in the same manner as an excessive force claim. *See Ricks v. Shover*, 891 F.3d 468, 473-74 (3d Cir. 2018) (stating that although the Supreme Court has not addressed sexual abuse of inmates by prison officials, courts have held that the framework for excessive force claims "has evolved to encompass claims for sexual abuse and harassment by prison officials as well"). In *Graham v. Connor*, the Supreme Court explained that it was "clear" that the Fourteenth Amendment protects pretrial detainees from "the use of excessive force that amounts to punishment." 490 U.S. 386, 395 n.10 (1989).

"Unconstitutional punishment typically includes both objective and subjective components." *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007); *see also Ricks*, 891 F.3d at

---

[3] The *Jacobs* Court noted that the United States Supreme Court has not yet determined whether pretrial detainees can bring excessive force claims under the Fourth Amendment. *Jacobs*, 8 F.4th at 194, n.4 (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 408 (2015) (Alito, J., dissenting)).

4

474 (employing the objective and subjective components test in sexual assault/excessive force context). "[T]he objective component requires an inquiry into whether the deprivation was sufficiently serious and the subjective component asks whether the officials acted with a sufficiently culpable state of mind." *Id.* (internal quotations and alterations omitted). In that regard, a "'particular measure amounts to punishment when there is a showing of express intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose.'" *Bistrian v. Levi*, 696 F.3d 352, 373 (3d Cir. 2012) (quoting *Stevenson*, 495 F.3d at 68); *see also Steele v. Cicchi*, 855 F.3d 494, 504 (3d Cir. 2017). Courts should consider the totality of the circumstances in evaluating such a claim. *Bistrian*, 696 F.3d at 373 ("In evaluating a pretrial detainee's claim of unconstitutional punishment, courts must examine the totality of the circumstances within the institution."). Furthermore, "[i]n determining whether restrictions or conditions are reasonably related to the Government's interest in maintaining security and order and operating the institution in a manageable fashion," courts are obligated to keep in mind that "such considerations are peculiarly within the province and professional expertise of corrections officials . . . ." *Stevenson*, 495 F.3d at 68 n.3.

      Plausible allegations of sexual assault meet the standard of impermissible punishment because sexual assault cannot and does not serve a legitimate governmental objective. In *E.D. v. Sharkey*, the United States Court of Appeals for the Third Circuit concluded that an immigration detainee, who is entitled to the same due process protections as pretrial detainees, had a clearly established right "not to be sexually assaulted by a state employee while in confinement," and the detainee's sexual assault allegations against the employee "set forth a plausible violation of her right to personal bodily integrity protected by the Due Process Clause of the Fourteenth

Amendment." 928 F.3d 299, 307 (3d Cir. 2019) (stating that the alleged sexual assault "could not have served a legitimate governmental objective and thereby constituted impermissible punishment.").

While a sexual assault of a pretrial detainee is actionable under § 1983, White's allegation that a sexual assault occurred is not plausible as alleged. He asserts he was aroused when he awoke and Defendant Massini was touching his stomach, but fails to allege sexual contact other than the entirely speculative allegation that "a man knows when he's been touched there, trust me." Since the Court cannot say at this time that White can never allege a plausible claim, the claim against Massini will be dismissed without prejudice and White will be granted an opportunity to file an amended complaint to attempt to cure this defect.

**B.     Claims Against LCJ Prison**

The § 1983 claim against LCJ Prison is dismissed because a jail or prison is not a "person" under Section 1983. *Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *Miller v. Curran-Fromhold Corr. Facility*, No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976).

**C.     Claims Against Other Named Defendants**

White also names as Defendants Cliff Knappenberger, Director Janine Donate, Warden Kyle Russel, and Sgt. Victor Pachionni. Other than list them in the caption and the list of Defendants, White never mentions any of these individuals and makes no allegations that could be inferred to apply to them. For this reason, the claims against them are not plausible and will

be dismissed without prejudice. White will be allowed to file an amended complaint with regard to these Defendants as well if he is able to allege plausible civil rights claims against them.[4]

---

[4] Several of these Defendants appear to hold supervisory positions at LCJ. There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.* Generalized allegations that a supervisory defendant is "in charge of" or "responsible for" an office or facility are insufficient to allege personal involvement in an underlying constitutional violation. *See Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020) (*per curiam*) ("Saisi asserted that some defendants were 'in charge of agencies that allowed this to happen,' and that liability stemmed merely from defendants' 'belief' that their conduct would be 'tolerated.' However, a director cannot be held liable 'simply because of his position as the head of the [agency].'" (quoting *Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005)).

White also mentions an investigation about the incident in which he was not asked to participate. He fails to allege how any named Defendant was involved in that investigation or how his civil rights were violated by not being asked to participate. Generally, "an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." *Graw*, 68 F. App'x at 383 (quotations omitted). White may nonetheless attempt to amend this aspect of his claim as well.

**IV.      CONCLUSION**

For the foregoing reasons, the Court will grant White leave to proceed *in forma pauperis* and dismiss his claims against LCJ with prejudice. All other claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Because the Court cannot say at this time that White can never state plausible claims against the other named Defendants, he will be granted the option of filing an amended complaint. An order follows with additional information about amendment.