## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIE WHITE,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 22-CV-1230** |
| | : | |
| **DARREL MASSINI,** *et al.*, | : | |
| **Defendants.** | : | |

## MEMORANDUM

**ROBRENO, J.**                                                                **MAY  31, 2022**

In a prior Memorandum and Order, *see White v. Massini*, No. 22-1230, 2022 WL 1103793 (E.D. Pa. Apr. 13, 2022), the Court dismissed the *pro se* Complaint filed by Plaintiff Willie White, an inmate at Lehigh County Jail ("LCJ").  His claims against LCJ were dismissed with prejudice and all other claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  White was granted leave to file an amended complaint if he was capable of curing the defects in the claims dismissed without prejudice.  He has now returned with a handwritten Amended Complaint asserting claims against LCJ, Director Janine Donate, Warden Kyle Russel, Cliff Knappenberger, and Correctional Officer Darrel Massini.[1]  (ECF No. 8.)  Although not listed in the caption, White also appears to bring claims against LCJ Director of Treatment Steve Miller.  For the reasons that follow, this case will be dismissed with prejudice.

---

[1] White has not reasserted claims against Sgt. Victor Pachionni, a Defendant named in the original complaint.  Pachionni will be terminated as a Defendant in the attached Order.  The Court notes that White also filed two exhibits shortly after filing his Amended Complaint.  (ECF Nos. 9, 10.)  Neither exhibits relates to the allegations contained in the Amended Complaint.

## I.    FACTUAL ALLEGATIONS

Repeating nearly verbatim the wording in his original Complaint, White alleges he was "involved in a PREA incident with Defendant Massini." (ECF No. 8 at 1.)[2]  White asserts that, while he was having a diabetic episode in early 2021, he remembers being shaken awake by a non-defendant named Sgt. Shaeffer. (*Id*.)  As he was coming to, he felt sexually aroused and saw Defendant Massini's hand under his shirt. (*Id*.)  Massini then moved his hand to White's navel area and started rubbing his stomach.  He states, "a man knows when he's been touched there, trust me." (*Id*.)  He was told to report to the medical unit after he requested mental health services. (*Id*.)  White believes there was an investigation for which he was not called to participate. (*Id*.)

White also adds allegations concerning Director Donate, Warden Russel, Director of Treatment Steve Miller, and Head of Internal Affairs Cliff Knappenberger.[3]  Allegedly, these officials had prior knowledge of the incident and failed to do anything to rectify the situation or even follow protocol in splitting up predator and victim. (*Id*. at 2.)  Apparently, White was housed on the same cell block where Defendant Massini was stationed for an additional four months after the alleged sexual assault. (*Id*.)  White asserts he has "2 aggravated harassment charges" alleged by Massini, "one which didn't stick," and "63 misconducts (sometimes 2 to 3 in a day from him or his minions) to prove my alleged avers." (*Id*. (parenthetical in original).)  Thereafter, he was assigned to a new cell block and received "countless more fabricated/retaliatory misconducts because the jail and its official[s] even after knowing the

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

[3] In listing these individuals, White includes parenthetical conclusory statements such as "failure to protect, lack of supervision, lack of training." (ECF No. 8 at 2.)

circumstances refuses to move in and stop the constant harassment on my part." (*Id*.) Apparently Massini began, at some point, to be assigned to work White's new cell block, which has caused White emotional health problems. (*Id*.)  White attached to his Amended Complaint, two misconduct reports signed by Massini, dated March 26 and March 27, 2022. (*Id*. at 4, 5.) Both misconducts involved White allegedly refusing to remove a towel that blocked the view into his cell. (*Id*.)  He seeks money damages on his claims.

## II.     STANDARD OF REVIEW

Since the Court granted White leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss White's Amended Complaint if it fails to state a claim. The Court must determine whether the Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.  As White is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    DISCUSSION

White seeks money damages for constitutional claims, citing the First, Eighth and Fourteenth Amendments. (Am. Compl. at 2.)  The vehicle by which federal constitutional claims

may be brought in federal court is Section 1983 of Title 42 of the United States Code, which

provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to
> be subjected, any citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right

secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S.

42, 48 (1988).

### A.      Claims Against Defendant Massini

In the prior Memorandum, the Court dismissed White's claims against Massini.  To the

extent that White sought to bring a claim under the Prison Rape Elimination Act, that claim was

dismissed with prejudice because the statute does not provide a private cause of action.  *White*,

2022 WL 1103793, at *2 (citing *Walsh v. N.J. Dep't of Corr.*, No. 17-2442, 2017 WL 3835666,

at *4 (D.N.J. Aug. 31, 2017); *Williams v. Wetzel*, 827 F. App'x 158, 162 (3d Cir. 2020) (*per

curiam*) ("to the extent that Williams sought to bring stand-alone civil claims under the PREA

and the Pennsylvania Crimes Code, the District Court did not err in rejecting those claims on the

basis that Williams failed to identify a private right of action for either").  Although the Due

Process Clause of the Fourteenth Amendment protects pretrial detainees like White when they

assert a sexual assault claim, *White*, 2022 WL 1103793, at *2 (citing *Jacobs v. Cumberland Cty.*,

8 F.4th 187, 193-94 (3d Cir. 2021) and *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)), the Court

determined that White's allegations were not plausible because he failed to allege actual sexual

contact other than the entirely speculative allegation that "a man knows when he's been touched

there, trust me."  However, since the Court could not say at the time that White could never allege a plausible claim, the claim against Massini was dismissed without prejudice and White was granted an opportunity to file an amended complaint to attempt to cure this defect.

Rather than attempt to offer additional facts about the alleged sexual assault, in his Amended Complaint White merely repeats nearly verbatim the allegations found previously to be insufficient to state a plausible constitutional claim.  Since, for the reasons stated previously, White has failed to allege facts indicating he was sexually assaulted, his claim is again dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  As White has already been given an opportunity to cure the defects in his claim and has been unable to do so, the Court concludes that further amendment would be futile.  *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by pro se litigant would be futile when litigant "already had two chances to tell his story").  Accordingly, the claims against Massini are dismissed with prejudice.

### B.    Claims Against LCJ

The § 1983 claim against LCJ was previously dismissed because a jail or prison is not a "person" under § 1983.  *White*, 2022 WL 1103793, at *3 (citing *Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010).  White has again listed LCJ as a Defendant.  LCJ is again dismissed with prejudice.

### C.    Claims Against Other Named Defendants

White also names as Defendants Cliff Knappenberger, Director Janine Donate, Warden Kyle Russel, and perhaps Steve Miller.  His claims against Knappenberger, Donate, and Russel were previously dismissed without prejudice because, other than list them in the caption and the list of Defendants, White never mentioned any of these individuals and made no allegations that

could be inferred to apply to them.  *White*, 2022 WL 1103793, at *3.  White was permitted to attempt to cure this defect in an amended complaint, and the Court provided him the applicable law governing when supervisory officials may be held liable under § 1983.[4]  *Id*. at 3 n.4.

In his Amended Complaint, in addition to conclusory labels noted above, White asserts that these Defendants had prior knowledge of the alleged sexual assault incident, failed to do anything to rectify the situation, and failed to follow an unidentified protocol requiring that

---

[4] White was told that there are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates."  *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015).  First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm."  *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)).  "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct."  *Id.*  Generalized allegations that a supervisory defendant is "in charge of" or "responsible for" an office or facility are insufficient to allege personal involvement in an underlying constitutional violation.  *See Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020) (*per curiam*) ("Saisi asserted that some defendants were 'in charge of agencies that allowed this to happen,' and that liability stemmed merely from defendants' 'belief' that their conduct would be 'tolerated.'  However, a director cannot be held liable 'simply because of his position as the head of the [agency].'" (quoting *Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005)).

White also mentioned the investigation about the incident in which he was not asked to participate in his original Complaint, that possibly involved these Defendants.  Any claim based on this allegation was found to be implausible because White failed to allege how any named Defendant was involved in that investigation or how his civil rights were violated by not being asked to participate.  Generally, "an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim."  *White*, 2022 WL 1103793, at 3 n.4 (citing *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (quotations omitted).  White was allowed to amend this aspect of his claim as well.  He has again failed to allege how any of these Defendants was involved in the investigation or how the failure to investigate violated his rights.

officials separate a predator from his or her victim, apparently referring the Defendant Massini and himself.  (Am. Compl. 8 at 2.)

The allegations in the Amended Complaint against the supervisory officials again fail to state a plausible § 1983 claim.  First, while White asserts that Massini continued to cite him for misconducts, he fails to allege any other harm arising from his being housed on cell blocks where Massini was assigned.  Second, White does not allege that any of the Defendants personally participated in violating his rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct.  White alleges "knowledge" in conclusory fashion only, which is insufficient to assert a plausible claim, *see Iqbal*, 556 U.S. at 678, and fails to allege any facts that the Defendants acquiesced in a violation of his rights.  His conclusory labels are also insufficient under *Iqbal*.  Accordingly, his claims against the supervisory officials are dismissed.  Because White has now had two opportunities to allege plausible claims against the supervisory officials and has been unable to do so, the Court concludes that further amendment would be futile.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss this case with prejudice in the attached Order.